**STATE of Tennessee, Appellant,**

v.

**Lish DAVIS, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 20, 1987.

Permission to Appeal Denied by Supreme Court Aug. 3, 1987.

David H. Stanifer, William R. Stanifer, Stanifer & Stanifer, Tazewell, for appellee.

W.J. Michael Cody, State Atty. Gen. and Reporter, Gordon W. Smith, Asst. State Atty. Gen., Nashville, William Jeff Blevins, Asst. Dist. Atty. Gen., Jacksboro, for appellant.

## OPINION

BYERS, Judge.

This is an appeal by the state under Rule 9, T.R.A.P., to question the order of the trial court in suppressing a statement made to the police by the defendant.

The judgment of the trial court is reversed, and the case is remanded thereto for further proceedings.

The record shows the Sheriff's Department received a report from the Department of Human Services regarding alleged sexual crimes against two girls. On receiving this report, an officer interviewed the girls who implicated the defendant in the alleged offenses. Two officers then went to a stockyard where they expected to find the defendant, a former chief deputy in the Sheriff's Department and a farmer. The defendant was not at the stockyard, and the officer returned to the department. One of the officers said there was no need to arrest the defendant because the Sheriff said he would come in on his own.

The defendant testified the Sheriff called him and told him to come to the Sheriff's office. Three days after the call, on October 21, 1985, the defendant called the Sheriff's office and asked for the officer who was assigned to this case. He then went to the Sheriff's Department to talk with the officer.

The officer testified she told the defendant he was not being charged, that he did not have to make any statement, and he could leave any time he wanted to. In response, the defendant said he wanted to get the matter straightened out.

The defendant then gave a statement which is the subject of this appeal. The officer informed the defendant at the time he gave the statement she would refer the matter to the district attorney general, who would decide whether he was to be charged.

There is no dispute between the parties that *"Miranda"* warnings were not given prior to the taking of the statement. After the giving of the statement, the defendant left the Sheriff's Department and was not arrested until December 1985, when the Grand Jury indicted him on these charges.

The trial judge suppressed the statement because he found the officer "had begun to focus on [the defendant] as a suspect, was of an accusatory frame of mind and did not advise [him] completely of his ·Miranda rights."

After examination of the record and the case law, we are of the view that the trial judge was in error in suppressing this statement.

In *California v. Beheler,* under facts similar to, or more suggestive of police activity than the facts in this case, the Supreme Court held:

[b]y custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken

into custody or otherwise deprived of his freedom of action in any significant way. 463 U.S. 1121, 1123, 103 S.Ct. 3517, 3519, 77 L.Ed.2d 1275 (1983) (quoting *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694).

We are further of the opinion that in the case of *Childs v. State,* 584 S.W.2d 783 (Tenn.1979), our Supreme Court took this view.

We conclude from the evidence that the defendant was not in custody at the time he made the statement, that he was under no coercion from the police to come into the Sheriff's Department and give a statement, and that he was aware he was free to go.

We therefore reverse the order of the trial judge suppressing the statement and remand this case to the trial court for further proceedings.

WALKER, P.J., and O'BRIEN, J., concur.